IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**EARL RAY MAXWELL**                                                                            **PETITIONER**

VS.                              **CASE NO. 5:13CV00362 JLH/HDY**

**RAY HOBBS, Director of the**
**Arkansas Department of Correction**                                             **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Earl Ray Maxwell, who is currently in the custody of the Arkansas Department of Correction (ADC). Mr. Maxwell entered a guilty plea in January of 2008 in Sebastian County Circuit Court to the charges of two counts of delivery of methamphetamine, two counts of possession of methamphetamine with intent to deliver, and one count of possession of drug paraphernalia. He was sentenced to 480 years' imprisonment. Having entered guilty pleas, no direct appeal of the convictions was available. In June of 2008, Mr. Maxwell filed a petition for habeas corpus relief in state court, alleging factual errors rendered his judgment invalid on its face. A hearing was conducted, and the trial court subsequently denied relief on April 1, 2009. No appeal was perfected following the trial court's decision. In October of 2010, Mr. Maxwell again sought state habeas corpus relief, alleging the trial court lacked jurisdiction to sentence him to an enhanced sentence because he was not charged by information with activities in proximity of certain facilities, and because the trial judge was biased due to another lawsuit Maxwell brought against the trial judge. The trial court denied relief on December 28, 2010, and the Arkansas Supreme Court affirmed this decision on September 5, 2013.

On November 27, 2013, Mr. Maxwell filed his petition for federal habeas corpus relief advancing the following claims for relief:

    1.    He was denied due process when convicted of the offense of Proximity to Certain

Facilities because he was never charged by information with that crime; and

2. He was denied due process because the trial judge was biased against him.

The respondent contends that the petition should be dismissed as untimely and as procedurally barred. By Order of January 27, 2014, the petitioner was notified of his opportunity to explain why the petition should not be dismissed as either untimely or as procedurally barred. Mr. Maxwell has not filed a responsive pleading addressing these issues.

**Statute of Limitations:**

Respondent contends that the statute of limitations bars consideration of these claims. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that the limitations period began on January 8, 2008, when his judgment and commitment were entered pursuant to the guilty pleas. Thus, the respondent contends the petitioner should have filed for habeas corpus relief on or before January 7, 2009. The petition was filed on November 27, 2013, more than four and a half years after the

limitations period began to run. Thus, the respondent urges that the petitioner's failure to act sooner is fatal to the petition.

As previously noted, Mr. Maxwell has not responded to the Court's Order of January 27, 2014. In the absence of any response[1], the Court will consider the calculation for the limitations period. The respondent urges the limitations period began on January 8, 2008, with the entry of the guilty pleas. Thus, a federal habeas corpus petition should have been filed by January 7, 2009. Even liberally construing the state habeas corpus petitions filed by Mr. Maxwell and crediting the time during which they were pending, we find the current petition is untimely. Mr. Maxwell's first state habeas corpus petition was filed in June of 2008 and decided by the trial court in April of 2009. No appeal was perfected, and about a year and a half elapsed before the next state habeas corpus petition was filed by Maxwell in October of 2010. So, even if both of the state habeas corpus petitions tolled the limitations period while pending, the time from April 2009 to October 2010 was greater than the one year limitations period. As a result, we recommend the petition for writ of habeas corpus be dismissed as untimely, and the relief requested be denied.

In summary, the petition for writ of habeas corpus was filed with this Court long after it should have been. The petitioner fails to plead or prove any reason why the limitations period should have been tolled. As a result, we recommend the petition be dismissed as untimely.[2]

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if

---

[1] The form used for the petition for writ of habeas corpus requests that the petitioner explain why the limitations period does not bar your petition if, as in this instance, the conviction was final more than one year before the filing of the petition. Mr. Maxwell left this portion of the petition blank. Docket entry no. 2, pages 18-19.

[2] We need not, and do not, consider the procedural default argument under the circumstance in this case, where the limitations period has clearly expired.

the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __10__ day of March, 2014.

_____
UNITED STATES MAGISTRATE JUDGE